IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD PROCTOR, | § | |
| | § | No. 507, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1312002555 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 26, 2016
Decided: June 16, 2016

**ORDER**

This 16th day of June 2016, it appears to the Court that:

(1) On September 17, 2015, the appellant, Ronald Proctor, filed a *pro se* notice of appeal from his sentencing, on September 11, 2015, on a violation of probation. Proctor's opening brief was due to be filed by April 4, 2016, and was not filed.

(2) On April 5, the Clerk issued a brief delinquency notice advising Proctor that the opening brief must be filed within seven days. When Proctor did not respond to the brief delinquency notice, the Clerk issued a notice, by certified mail, directing Proctor to show cause why the appeal should not be dismissed for his failure to file the opening brief. On April 26, 2016, the notice to show cause

was returned marked "return to sender," "attempted not known," and "unable to forward."

(3) "As a condition for a party appearing pro se, the party must designate a mailing address . . . for the receipt of all notices, papers and orders filed in the case."[*] In this case, Proctor's mailing address is no longer valid, and Proctor has not provided the Clerk with a change of address. Under these circumstances, the dismissal of Proctor's appeal is deemed to be unopposed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b)(2) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

Justice

---

[*] Del. Supr. Ct. R. 12(c).

2